Scott, Chief Judge.
The question in this case is : Where a debtor, being the head of a family, and having no homestead, and possessed only of personal property, not exceeding in value the amount which the law allows to be held «xempt from execution, in lieu of- a homestead, makes a. *65 colorable or pretended sale of such property, for the purpose of placing the same beyond the reach of creditors, do the judgment creditors of such debtor thereby acquire a right to levy upon and sell such property, in disregard of the claim of the debtor, properly made, to hold the same exempt from execution ?
In the case of Sears v. Hanks, 14 Ohio St. 298, it was held that judgment creditors, at whose suit a conveyance made'by their debtor has been set aside as a fraud upon their rights, can not, upon execution issued under the decree in the case, set up the fraudulent conveyance, against which they claim, as a bar to the debtor’s assertion of his right to have a family homestead exempted from sale on such execution. The principle of that decision, and the reasons upon which it rests, are fully applicable to the present case, and require the question which we have stated to be answered in the negative.
The plaintiff' in error, acting on behalf of a creditor, elected to treat the pretended sale as a nullity ; and this he might properly do. He levied upon the property, and sold it as the property of the defendant in error, and is estoppedj whilst doing so, to claim that, in virtue of the pretended sale, the property was no longer hers. He can not, at the same time, claim under and against the pretended sale. The sham sale in no wise affected the rights of creditors, and they must be asserted in conformity with the limitations which the humanity of the statute imposes upon their exercise. The plaintiffs here in no way connect themselves with the title of the defendant’s vendees, and therefore can not set it up in bar of her rights. Kitzmiller v. Van Rensselaer, 10 Ohio St. 63.
The defendant is not here claiming any rights under the pretended sale; she merely unites with the plaintiff in wholly ignoring it; and therefore the maxim that no one is allowed to derive a benefit from his own wrong act is inapplicable to the case.
Ve might add that, since the policy of the law gave this. *66 defendant’s creditors no right to subject any of this property, against her will, to the satisfaction of their judgments against her, it is not easy to see how her sale of it, whether real or pretended, could operate .as a fraud upon their rights. The fraud in the case can have existed in intention ouly, and that intention must have originated from ignorance of her rights.
The question as to the validity of the pretended sale, as-between vendor and vendees, it will be time enough tb-consider when the vendees, or some one in privity with them, shall claim rights under it.

Judgment of the district court affirmed.